# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARMEN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 9596 |
| | ) |
| BCG ATTORNEY SEARCH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant BCG Attorney Search's (BCG) motion for summary judgment. For the reasons stated below, BCG's motion for summary judgment is granted.

## BACKGROUND

BCG allegedly operates an employment recruiting business in Chicago, Illinois and other places throughout the country. Plaintiff Carmen Brown (Brown) alleges that she worked as a writer for BCG. Brown claims that, per BCG's direction, she worked in excess of forty hours per week. Brown alleges that BCG failed to pay her earned wages as well as mandated overtime wages throughout her employment.

1

Brown brought the instant action and includes in her complaint a claim brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (Count I), a claim brought under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/4a (Count II), and a claim brought under the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/2, *et seq.*(Count III). BCG has filed the instant motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

BCG contends that Brown has failed to point to sufficient evidence to show that she was BCG's employee and thus entitled to protection under the FLSA, the IMWL, and the IWPCA. BCG argues that Brown was instead merely an independent contractor.

**I. FLSA Claim**

BCG argues that it is not liable under the FLSA because Brown was an independent contractor, and not an employee. The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The FLSA further "defines an 'employer' as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 784 (N.D. Ill. 2011)(quoting 29 U.S.C. § 203(d)).

In determining whether an employer-employee relationship exists under FLSA, the Seventh Circuit uses the economic realities test, which applies general agency principles to the specific facts of the case. *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378 (7th Cir. 1991). The five factors of the economic realities test are: (1) "the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work," (2) "the kind of occupation and nature of skill required, including whether skills are obtained in the workplace," (3) "responsibility for the costs of operation, such as equipment,

supplies, fees, licenses, workplace, and maintenance of operations," (4) "method and form of payment and benefits," and (5) "length of job commitment and/or expectations." *Id.* at 378-79. Although several factors are considered in determining whether an individual is an employee or an independent contractor, the "employer's right to control is the most important" in making the distinction. *Id.* at 378.

Regarding the "control" factor, even though it is undisputed that BCG gave Brown assignments and even requested revisions, she still maintained a great deal of freedom in choosing her working hours and was free to work out of any location of her choosing. (R SF Par. 7-8, 11). With respect to whether Brown's skills were required or later obtained in the workplace, it is undisputed that Brown answered an internet ad for writers and there is no indication that Brown received any formal training from BCG outside of directions for her assignments. (R SF Par. 1). With regard to costs of operation, it is undisputed that although provided with an information database from BCG, Brown used her own computer, worked out of her own home, and never worked out of or inside an office belonging to BCG. (R SF Par. 5-8). Regarding the method and form of payments or benefits, it is undisputed that during the course of Brown's relationship with BCG, Brown was never reimbursed for any expenses and never received any benefits from BCG. (R SF Par. 14, 18). Even more indicative of an independent contractor status, Brown admits that she was compensated for all assignments completed via IRS Form 1099. (R SF Par. 16). Finally, in considering the length of job commitment and potential expectations, it is undisputed that Brown was given "assignments" or "projects"

4

entailing the writing of law firm profiles for publication on BCG's website, and that Brown was originally paid on a per project basis. (R SF Par. 3-4). Therefore, due to BCG's "minimal control over [Brown]" and "the method and manner of her compensation" until the parties' termination of the relationship, Brown's status was that of an independent contractor and not of an employee under the FLSA. *Knight*, 950 F.2d at 379. Thus, Brown has not pointed to sufficient evidence to support her FLSA claim, and summary judgment on the FLSA claim is granted.

## II. IMWL Claim

BCG also argues that it is not liable under the IMWL because Brown was not an employee, but rather an independent contractor. Under the IMWL, an "employer" is similarly defined as "any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." *Villareal*, 776 F. Supp. 2d at 784 (quoting 820 ILCS 105/3(c)).

In determining whether an individual is an employee or an independent contractor under Illinois law, the Illinois Department of Labor set forth a six-part test. *People ex rel. Dep't of Labor v. MCC Home Health Care, Inc.*, 790 N.E.2d 38, 41 (Ill. App. Ct. 2003). The following factors are considered: (1) "the degree of control the alleged employer exercised over the individual," (2) "the extent to which the services rendered by the individual are an integral part of the alleged employer's

business," (3) "the extent of the relative investments of the individual and alleged employer," (4) "the degree to which the individual's opportunity for profit and loss is determined by the alleged employer," (5) "the permanency of the relationship," and (6) "the skill required in the claimed independent operation." *Id.* (quoting 56 Ill. Adm. Code § 210.110 (1996)). Following this six-part test, the "common law standard relating to master and servant . . . [is] not dispositive," but "[r]ather, it is the total activity or situation which is controlling." *MCC Home Health Care, Inc.*, 790 N.E.2d at 45 (quoting 56 Ill. Adm. Code § 210.110).

Since the IMWL "parallels" the FLSA, the "same analysis generally applies to both statutes." *Villareal*, 776 F. Supp. 2d at 784; *see Condo v. Sysco Corp.*, 1 F.3d 599, 601 n. 3 (7th Cir. 1993)(stating that § 7(a)(1) of the FLSA is equivalent to 820 ILCS 105/4a(1) under Illinois law). The control, investment, permanency, and skill factors have been analyzed above with respect to the FLSA claim and therefore would also favor an independent contractor status under the IMWL. In determining whether an individual's services were an integral part of a business, the "key to this inquiry is whether the services are necessary to the business of the employing unit or merely incidental." *Carpetland U.S.A., Inc. v. Illinois Dep't of Employment Sec.*, 776 N.E.2d 166, 186 (Ill. 2002). It is undisputed that Brown wrote descriptions and drafted profiles of law firms from BCG's database for its employment recruiting business. (R SF Par. 3). However, it is also undisputed that throughout Brown's professional relationship with BCG, she had no direct or indirect responsibility to locate job seekers or potential jobs for clients, nor did she ever provide any services

6

or goods to BCG's clients or customers. (R SF Par. 5-6). Thus, this factor clearly weighs in favor of an independent contractor classification. Additionally, Brown's ability to work at her own pace for each assigned project reflects an opportunity for profit and loss as an independent contractor. (R SF Par. 11). Therefore, Brown has not pointed to sufficient evidence to support her IMWL claim, and summary judgment on the IMWL claim is granted.

### III. IWPCA Claim

BCG argues that it is not liable under the IWPCA because Brown was an independent contractor. Since the IWPCA's definition of "employer" is "essentially identical" to that of the FLSA, the totality of the circumstances find in favor of Brown's status as an independent contractor for the IWPCA claim. *See Andrews v. Kowa Printing Corp.*, 814 N.E.2d 198, 206 (Ill. 2004)(citing *McLaughlin v. Lunde Truck Sales, Inc.*, 714 F. Supp. 920, 923 (N.D. Ill. 1989). Thus, no reasonable trier of fact could conclude other than that Brown was an independent contractor and therefore did not have an employment contract subject to claims under FLSA or IWPCA. Based on the above, BCG's motion for summary judgment is granted on the IWPCA claim.

## CONCLUSION

Based on the foregoing analysis, BCG's motion for summary judgment is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   November 20, 2013